**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**LATOYA RANSON,
TREKEVIOUS HAYES,
and ARNIQUA RANSON,**

     **PLAINTIFFS,**

**VS.**                                          **CAUSE NO.:** <u>4:20cv165-MPM-DAS</u>
                                                          **Jury Trial Demanded**

**CITY OF CLARKSDALE,
COAHOMA COUNTY, MISSISSIPPI,
COAHOMA COUNTY SHERIFF'S OFFICE
CHIEF DEPUTY LEON WILLIAMS,
MASTER SERGEANT MARCUS COHEN
DEPUTY EDDIE EARL,
DEPUTY ERIC BILBRO, in their
Official and Individual Capacities
and JOHN and JANE DOES 1-10**

     **DEFENDANTS.**

---

## COMPLAINT

     COMES NOW, the Plaintiffs, Latoya Ranson, Trekevious Hayes, and Arniqua Ranson by and through undersigned Counsel, filing this Complaint for Damages and in support thereof, would show this Honorable Court the following, to-wit:

### I.     INTRODUCTION

     1.     This is an action against Defendants for federal constitutional violations and state law personal injuries suffered by Plaintiffs as a result of their unlawful detention while Defendants acted under color of state law. Plaintiffs bring this action for compensatory damages under 42 U.S.C. § 1983 because Defendants jointly and/or severally deprived Plaintiffs of their federally-

protected civil liberties and privileges to be free from unreasonable excessive force, to be free from unlawful search and seizure, and to be free from arrest without just cause. U.S. CONST. amends. IV, XIV.

2.      As a direct consequence of the policies, practices, and procedures of the City of Clarksdale (hereinafter "Defendant City") and Coahoma County, (hereinafter "Defendant County"),  Plaintiffs were intentionally deprived of their constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution. Defendant Chief Deputy Leon Williams, Defendant Master Sergeant Marcus Cohen. Defendant Deputy Eddie Earl, Defendant Deputy Eric Bilbro, Clarksdale Police Department Officers, and Coahoma County Sheriff's Office Deputies (collectively "Defendant Officers")[1], acting within the course and scope of their employment with the City of Clarksdale, and County of Coahoma, and acting under color of state law, unjustifiably used excessive and unreasonable force against Plaintiffs, failed to intervene, and falsely arrested Plaintiff Trekevious Hayes without probable cause and under circumstances where no reasonable Deputy would have done so. Under well-established law on the above violations, Defendant Officers are not entitled to qualified or other immunity for these actions.

## II. JURISDICTION AND VENUE

3.      This action is brought pursuant to 42 U.S.C. § 1983 and § 1988 and the First, Fourth, and Fourteenth Amendment to the United States Constitution, made applicable to

---

[1] The true names and capacities of Defendant Officers are currently unknown to Plaintiff who therefore sues these Defendants by assumed names. However, Defendant Officers are believed to be individual officers of the Clarksdale Police Department and deputies of Coahoma County Sheriff's Office.  Plaintiff is informed and believes, and therefore alleges, that each of the Defendant Officers violated Plaintiff's federal constitutional rights or are otherwise legally responsible in some other actionable manner for the events and happenings referred to in this Complaint, and that Plaintiff's injuries and damages as alleged in this Complaint were caused by that violation or wrongful conduct. Plaintiff will amend this Complaint and state the true names and/or capacities of Defendant Officers when they have been ascertained.

Defendants through the Fourteenth Amendment to the United States Constitution. This Court has jurisdiction over Plaintiff's claim under 28 U.S.C. § 1331 (federal question) and under 28 U.S.C. § 1343(a)(3) (civil rights). This Court further has jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367 (supplemental jurisdiction) as those claims form part of the same case or controversy under Article III of the United States Constitution.

4.      Venue is proper under 28 U.S.C. § 1391(b) because Defendant City and Defendant County are deemed to be duly chartered and incorporated in any judicial district in which it is subject to the Court's personal jurisdiction with respect to the civil action in question; Defendant Officers are employees of Defendant City and Defendant County who acted in their official capacity or under color of legal authority; and all events, actions, and injuries giving rise to this claim occurred within the Northern District of Mississippi.

### III. PARTIES

5.      Plaintiff, Latoya Ranson (hereinafter "Plaintiff L. Ranson"), is an adult citizen of Coahoma County, Mississippi, who resides in Clarksdale, Mississippi, within the Northern District of Mississippi.

6.      Plaintiff Trekevious Hayes (hereinafter "Plaintiff Hayes") is an adult citizen of Coahoma County, Mississippi, who resides in Clarksdale, Mississippi, within the Northern District of Mississippi.

7.      Plaintiff Arniqua Ranson (hereinafter "Plaintiff A. Ranson") is a minor resident citizen of Coahoma County, Mississippi, who resides in Clarksdale, Mississippi, within the Northern District of Mississippi.

8.      Defendant City is a municipality, duly incorporated under the laws of the State of Mississippi within the United States District for the Northern District of Mississippi and, as such, is a political subdivision of the State of Mississippi.  Amongst its many functions, the City of Clarksdale

operates and maintains a law enforcement agency known as the Clarksdale Police Department (hereinafter "CPD"). The City is under a duty to operate its police activities in a lawful manner to preserve the peace and dignity of the City and the rights, privileges, and immunities guaranteed and secured to its residents and visitors pursuant to the Constitution and the laws of the State of Mississippi. The City may be served with process through Mayor Chuck Espy or City Clerk Cathy Clark at 121 Sunflower Avenue, Clarksdale, MS 38614.

9.      Defendant County is a municipality, duly incorporated under the laws of the State of Mississippi within the United States District for the Northern District of Mississippi and, as such, is a political subdivision of the State of Mississippi.  Amongst its many functions, the Defendant County operates and maintains a law enforcement agency known as the Coahoma County Sheriff's Office (hereinafter "CCSO"). Defendant County is under a duty to operate its law enforcement activities in a lawful manner to preserve the peace and dignity of the County and the rights, privileges, and immunities guaranteed and secured to its residents and visitors pursuant to the Constitution and the laws of the State of Mississippi. Defendant County may be served with process by effectuating the same upon the Chancery Clerk for Coahoma County, Mississippi, at the Coahoma County Courthouse located at 115 1st St., #106, Clarksdale, Mississippi 38614.

10.     Defendant CCSO is a subdivision of Coahoma County, Mississippi, and may be served with process through Sheriff Charles Jones, and/or the Chancery Clerk of Coahoma County, Mississippi.

11.     Defendant Chief Deputy Leon Williams (hereinafter "Defendant Williams") is an individual employed in Coahoma County, Mississippi. The acts and omissions complained of herein arise from the conduct of Defendant Williams while he was acting under color of state law, and each act and omission was committed pursuant to Defendant Williams' employment and authority as a deputy with the CCSO. Defendant Williams is sued in his official and individual

capacities.  Defendant Williams may be served with process at the CCSO, which is located at 63 Sunflower Avenue, Clarksdale, Mississippi 38614.

12.     Defendant Master Sergeant Marcus Cohen (hereinafter "Defendant Cohen") is an individual employed in Coahoma County, Mississippi. The acts and omissions complained of herein arise from the conduct of Defendant Cohen while he was acting under color of state law, and each act and omission was committed pursuant to Defendant Cohen's employment and authority as a deputy with the CCSO. Defendant Cohen is sued in his official and individual capacities.  Defendant Cohen may be served with process at the CCSO, which is located at 63 Sunflower Avenue, Clarksdale, Mississippi 38614.

13.     Defendant Deputy Eddie Earl (hereinafter "Defendant Earl") is an individual employed in Coahoma County, Mississippi. The acts and omissions complained of herein arise from the conduct of Defendant Earl while he was acting under color of state law, and each act and omission was committed pursuant to Defendant Earl's employment and authority as a deputy with the CCSO. Defendant Earl is sued in his official and individual capacities.  Defendant Earl may be served with process at the CCSO, which is located at 63 Sunflower Avenue, Clarksdale, Mississippi 38614.

14.     Defendant Deputy Eric Bilbro (hereinafter "Defendant Bilbro") is an individual employed in Coahoma County, Mississippi. The acts and omissions complained of herein arise from the conduct of Defendant Bilbro while he was acting under color of state law, and each act and omission was committed pursuant to Defendant Bilbro's employment and authority as a deputy with the CCSO. Defendant Bilbro is sued in his official and individual capacities. Defendant Bilbro may be served with process at the CCSO, which is located at 63 Sunflower Avenue, Clarksdale, Mississippi 38614.

15.     Defendants John and Janes Does 1-10, whose identities are unknown to the Plaintiff at this time, are upon information and belief, deputies and/or employees of the CPD and CCSO. All allegations and claims asserted herein against the named Defendants are incorporated herein by reference against John and Janes Does 1-10.  Said John and Janes Does 1-10, when their identities are known, will be named and joined in this action, if necessary, pursuant to Federal Rules of Civil Procedure.

## IV. FACTS

16.     On or about the early morning hours of January 27, 2020, Plaintiff A. Ranson was awake on the sofa in the living room at the residence located at 449 Florida Avenue, Clarksdale, MS 38614 as she prepared to get dressed for school. Plaintiff Hayes was asleep.

17.     Without warning and without announcing, Defendant Officers unreasonably and violently forced their way into the residence.[2]

18.     Without warning and without probable cause, Defendant Officers opened fire indiscriminately inside the residence causing Plaintiff A. Ranson to run for safety out of fear for her life.

19.     Without warning and without probable cause or provocation, Defendant Officers shot Plaintiff A. Ranson in the bottom of her foot as she fled to safety.

20.     Because Defendant Officers had not verbally announced themselves as law enforcement, Plaintiff Hayes, in an attempt to protect the residence and Plaintiff A. Ranson from suspected armed burglars, retrieved a weapon.

21.     Defendant Officers, still without announcing themselves as law enforcement,

---

[2] Plaintiffs assert that Defendant Officers executed a "No Knock" warrant. However, no authority was given in the warrant authorizing Defendant Officers to enter the residence without knocking and without announcing their presence and purpose. Although the MBI report states that Defendant Officers "announced their presence with lights, sirens and verbally announced that they had a warrant," Plaintiffs assert that no such actions were taken.

continued firing their weapons indiscriminately in the residence, striking the residential structure, and Plaintiff Hayes in the abdomen.

22.     After unreasonably shooting Plaintiff A. Ranson and Plaintiff Hayes, Defendant Officers, with excessive force, placed Plaintiff Hayes in handcuffs and slammed him onto the pavement which caused additional injuries to Plaintiff Hayes.

23.     Plaintiff A. Ranson, never, at any time during this incident, possessed a gun or took any action against Defendant Officers that would have caused Defendant Officers to subjectively or objectively believe that Plaintiff A. Ranson possessed a gun.

24.     Plaintiff Hayes, never, at any time during this incident, initiated gun fire against Defendant Officers that would have provoked Defendant Officers to subjectively or objectively believe that Defendant Officers had to draw their weapons in open fire in defense.

25.     As a direct and proximate result of the injuries caused by Defendant Officers, Plaintiff A. Ranson was transported to Northwest Regional Medical Center in Clarksdale, Coahoma County, Mississippi.

26.     As a direct and proximate result of the injuries caused by Defendant Officers, Plaintiff Hayes was transported, via ambulance, to Regional One Medical Center (formerly known as "The Med") in Memphis, Shelby County, Tennessee where he required surgery to remove the round from his abdomen.

27.     As a direct and proximate cause of the aforementioned injuries, Plaintiffs will continue to endure future pain and suffering, as well as medical expenses.

28.     As a direct and proximate cause of the acts and omissions by Defendant Officers, Plaintiff L. Ranson also suffered extensive property damages to the residence located at 449 Florida Avenue, Clarksdale, Mississippi.

29.     As a result, thereof, Plaintiffs are fearful of any future contact with law enforcement due to their encounter with Defendant Officers.

## V. CIVIL RIGHTS CLAIM

30.     Plaintiffs reallege paragraphs 1 through 29 of this Complaint and incorporates them herein by reference.

31.     The Civil Rights Act, codified as 42 U.S.C. § 1983, provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

32.     Plaintiffs allege that Defendants, jointly and/or severally, deprived them of their Fourth Amendment rights, and those rights, privileges, and immunities secured by the Fifth and Eighth Amendments to the Constitution as incorporated and applied to the states through the Fourteenth Amendment. Defendants violated Plaintiffs' rights in the following ways:

A.     By falsely arresting Plaintiffs in violation of the Fourth Amendment and its reasonableness standard to be free from unreasonable, unlawful search and seizure, when no probable cause existed to make an arrest;

B.     By using excessive force when detaining Plaintiffs;

C.     By failing to intervene while companion Defendant Officer violated Plaintiffs' constitutional rights.

D.     By failing to provide supervision and/or proper training to prevent such incidents of excessive force, and false arrest.

Defendants' violations of Plaintiffs' constitutional rights resulted in their suffering and were a direct cause of their injuries.

## I.    CLAIM ONE: 42 U.S.C. § 1983 — PEACE DEPUTY LIABILITY

### A. <u>PLAINTIFF TREKEVIOUS HAYES</u>

#### 1. <u>False Arrest</u>

33.    Plaintiff realleges paragraphs 1 through 32 of this Complaint and incorporates them herein by reference.

34.    Plaintiffs brings this claim against Defendants, individually as well as in their official capacity, pursuant to 42 U.S.C. § 1983 and for punitive damages.

35.    At all material times, Defendant Officers were acting under color of state law as agents and employees of Defendant City and Defendant County. Defendant Officers wore their official CCSO and CPD uniform and were acting within the course and scope of their duties as Clarksdale Police Officers and Coahoma County Sheriff's Deputies at all times relevant during this cause of action.

36.    Plaintiff demonstrates how Defendant Officers violated his federal constitutional rights and civil liberties guaranteed by the Fourth and Fourteenth Amendments by falsely arresting him.

37.    Defendant Officers unlawfully acted under the color of state law to deprive Plaintiff of his Fourth Amendment right to be free from unlawful seizure by arresting Plaintiff without a warrant, without witnessing a criminal act, and without probable cause to believe a crime had occurred or was about to occur.

38.    Defendant Officers used and abused their badges and their authority bestowed by CPD and CCSO to interfere with Plaintiff's liberty without reasonable and just cause in violation of the Fourth Amendment.

39.    Defendant Officers lacked probable cause to arrest Plaintiff based on the

surrounding circumstances of his arrest.

40.     At the time of the incident, there were no outstanding warrants for Plaintiff's arrest.

41.     As a direct and proximate cause of this false arrest, Plaintiff suffered federal civil liberty violations, public humiliation, physical injury, medical expenses, lost wages, and mental and emotional distress.

## 2.   <u>Excessive Force</u>

42.     Plaintiff realleges paragraphs 1 through 42 of this Complaint and incorporates them herein by reference.

43.     Plaintiff brings this claim against Defendants, individually as well as in their official capacity, pursuant to 42 U.S.C. § 1983 and for punitive damages.

44.     At all material times, Defendant Officers were acting under color of state law as agents and employees of Defendant County and Defendant City.  Defendant Officers wore their official CCSO and CPD uniform and were acting within the course and scope of their duties as Coahoma County Sheriff's Deputies and Clarksdale Police Officers at all times relevant to this cause of action.

45.     Plaintiff asserts Defendant Officers violated his federal constitutional guarantees of the Fourth Amendment, incorporated to the states by the Fourteenth Amendment, to be free from excessive force.

46.     Force is excessive, and therefore violates the Fourth Amendment, if it is not reasonable considering the circumstances facing the officer.  *See Graham v. Connor*, 490 U.S. 386, 398 ( 1989).  The facts and circumstances of this case show that Defendant Officers act  of arresting Plaintiff was excessive and unreasonable.

47.     Upon arriving at the residence, Defendant Officers never knocked nor announced

themselves, and never gave Plaintiff an opportunity to comply with any order.

48. At the time of the incident, Defendant Officers had no reason to believe Plaintiff was armed or dangerous.

49. Plaintiff made no violent movements towards Defendant Officers or any other person that could be interpreted as threatening towards Defendant Officers or any other person.

50. Plaintiff made no verbal threats to Defendant Officers or any other person.

51. Plaintiff did not commit a criminal act in Defendant Officers' presence warranting arrest.

52. Despite those circumstances, Defendant Officers indiscriminately fired their duty weapons at Plaintiff without probable cause or provocation.

53. Defendant Officers unreasonably shot Plaintiff in the abdomen, causing severe injury.

54. To add insult to injury, Defendant Officers, after shooting Plaintiff, handcuffed him and slammed him onto the ground, causing further injury.

55. Plaintiff also suffered from excruciating pain, embarrassment, and humiliation due to Defendant Officers' excessive force.

56. Defendant Officers' actions were unreasonable and unwarranted under the circumstances when comparing or balancing the amount of force used against the need for the force under the current circumstances.

57. Therefore, by using subjectively and objectively unreasonable force while acting under color of state law, Defendant Officers violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

58. As a direct and proximate cause of Defendant Officers' excessive force, Plaintiff

suffered federal civil liberty violations, public humiliation, physical injury, medical expenses, lost wages, and mental and emotional distress.

###### 3. <u>Failure to Intervene – Defendants Williams, Cohen, Earl, Bilbro and John and Janes Does 1-10, Respectively</u>

59.     Plaintiff realleges paragraphs 1 through 58 of this Complaint and incorporates them herein by reference.

60.     Plaintiff brings this claim against Defendants in their official capacity, pursuant to 42 U.S.C. § 1983 and for punitive damages.

61.     At all material times, Defendant Officers were acting under color of state law as agents and employees of Defendant County and Defendant City. Defendant Officers wore their official CCSO and CPD uniform and were acting within the course and scope of their duties as Coahoma County Sheriff's Deputies and Clarksdale Police Officers at all times relevant to this cause of action.

62.     Plaintiff asserts Defendant Officers violated his federal constitutional guarantees of the Fourth Amendment, incorporated to the states by the Fourteenth Amendment, and his Substantive Due Process rights by failing to intervene as companion Officers.

63.     Officers have a duty to protect individuals from constitutional violations by fellow Officers. Therefore, an Officer who witnesses a fellow Officer violating an individual's constitutional rights is liable to the victim for failing to intervene.

64.     Defendant Officers failed to protect Plaintiff from a danger they proactively created and aggravated.

65.     Defendant Officers unjustifiably drawing their weapon towards Plaintiff placed the Plaintiff in a substantial risk of harm.

66.     Defendant Officers aggressively and unreasonably fired their weapons upon Plaintiff. Their actions were unnecessary and excessive considering the circumstances surrounding the incident.

67.     Defendant Officers shooting Plaintiff caused physical harm to Plaintiff's person.

68.     Defendant Officers' actions and inactions were egregious and arbitrary.

69.     Further, Plaintiff were subjected to and sustained substantial injury to his wrists as direct cause of Defendant Officer's conduct.

70.     Defendant Officers failed to prevent one another from causing or placing Plaintiff in direct and an unreasonable risk of harm, further violating his federal civil liberties.

71.     Defendant Officers each had reason to know that a constitutional violation had been committed by the other, and Defendant Officers had a realistic opportunity to intervene to prevent the risk of harm from occurring.

72.     Defendant Officers also shared a law enforcement association where each respectively understood the policies and procedures in detaining and/or arresting a suspect and that such policies and procedures that would immediately violate an individual's constitutional rights if not complied with.

73.     As a direct and proximate cause of Defendant Officers' actions and inactions, Plaintiff suffered federal civil liberty violations, public humiliation, physical injury, medical expenses, lost wages, and mental and emotional distress.

### B.  PLAINTIFF ARNIQUA RANSON

### 4.  Unlawful Seizure

74.     Plaintiff realleges paragraphs 1 through 73 of this Complaint and incorporates them herein by reference.

75.     Plaintiff brings this claim against Defendants, individually as well as in their official capacity, pursuant to 42 U.S.C. § 1983 and for punitive damages.

76.     At all material times, Defendant Officers were acting under color of state law as agents and employees of Defendant City and Defendant County. Defendant Officers wore their official CCSO and CPD uniform and were acting within the course and scope of their duties as Clarksdale Police Officers and Coahoma County Sheriff's Deputies at all times relevant during this cause of action.

77.     Plaintiff demonstrates how Defendant Officers violated her federal constitutional rights and civil liberties guaranteed by the Fourth, Fifth and Fourteenth Amendments by unlawfully seizing her.

78.     Defendant Officers unlawfully acted under the color of state law to deprive Plaintiff of her Fourth Amendment right to be free from unlawful seizure by seizing Plaintiff without a warrant, without witnessing a criminal act, and without probable cause to believe a crime had occurred or was about to occur.

79.     Defendant Officers used and abused their badges and their authority bestowed by CPD and CCSO to interfere with Plaintiff's liberty without reasonable and just cause in violation of the Fourth and Fifth Amendment.

80.     Defendant Officers lacked probable cause to seize Plaintiff based on the surrounding circumstances of her seizure.

81.     At the time of the incident, there were no outstanding warrants for Plaintiff's arrest.

82.     As a direct and proximate cause of this false arrest, Plaintiff suffered federal civil liberty violations, public humiliation, physical injury, medical expenses, lost wages, and mental and emotional distress.

### 5.  Excessive Force

83.     Plaintiff realleges paragraphs 1 through 82 of this Complaint and incorporates them herein by reference.

84.     Plaintiff brings this claim against Defendants, individually as well as in their official capacity, pursuant to 42 U.S.C. § 1983 and for punitive damages.

85.     At all material times, Defendant Officers were acting under color of state law as agents and employees of Defendant County and Defendant City.  Defendant Officers wore their official CCSO and CPD uniform and were acting within the course and scope of their duties as Coahoma County Sheriff's Deputies and Clarksdale Police Officers at all times relevant to this cause of action.

86.     Plaintiff asserts Defendant Officers violated her federal constitutional guarantees of the Fourth Amendment, incorporated to the states by the Fourteenth Amendment, to be free from excessive force.

87.     Force is excessive, and therefore violates the Fourth Amendment, if it is not reasonable considering the circumstances facing the officer.  *See Graham v. Connor*, 490 U.S. 386, 398 ( 1989).  The facts and circumstances of this case show that Defendant Officers' act of seizing Plaintiff was excessive and unreasonable.

88.     Upon arriving at the residence, Defendant Officers never knocked nor announced themselves, and never gave Plaintiff an opportunity to comply with any order.

89.     At the time of the incident, Defendant Officers had no reason to believe Plaintiff was armed or dangerous.

90.     Plaintiff made no violent movements towards Defendant Officers or any other person that could be interpreted as threatening towards Defendant Officers or any other person.

91.     Plaintiff made no verbal threats to Defendant Officers or any other person.

92.     Plaintiff did not commit a criminal act in Defendant Officers' presence warranting arrest.

93.     Despite those circumstances, Defendant Officers indiscriminately fired their duty weapons at Plaintiff without probable cause or provocation causing Plaintiff to run in fear of her life.

94.     Defendant Officers unreasonably shot Plaintiff in the foot, causing severe injury.

95.     Plaintiff also suffered from excruciating pain, embarrassment, and humiliation due to Defendant Officers' excessive force.

96.     Defendant Officers' actions were unreasonable and unwarranted under the circumstances when comparing or balancing the amount of force used against the need for the force under the current circumstances.

97.     Therefore, by using subjectively and objectively unreasonable force while acting under color of state law, Defendant Officers violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

98.     As a direct and proximate cause of Defendant Officers' excessive force, Plaintiff suffered federal civil liberty violations, public humiliation, physical injury, medical expenses, lost wages, and mental and emotional distress.

6.  **Failure to Intervene – Defendants Williams, Cohen, Earl, Bilbro and John and Janes Does 1-10, Respectively**

99.     Plaintiff realleges paragraphs 1 through 98 of this Complaint and incorporates them herein by reference.

100.    Plaintiff brings this claim against Defendants in their official capacity, pursuant to

42 U.S.C. § 1983 and for punitive damages.

101.　　At all material times, Defendant Officers were acting under color of state law as agents and employees of Defendant County and Defendant City.  Defendant Officers wore their official CCSO and CPD uniform and were acting within the course and scope of their duties as Coahoma County Sheriff's Deputies and Clarksdale Police Officers at all times relevant to this cause of action.

102.　　Plaintiff asserts Defendant Officers violated her federal constitutional guarantees of the Fourth Amendment, incorporated to the states by the Fourteenth Amendment, and her Substantive Due Process rights by failing to intervene as companion Officers.

103.　　Officers have a duty to protect individuals from constitutional violations by fellow Officers. Therefore, an Officer who witnesses a fellow Officer violating an individual's constitutional rights is liable to the victim for failing to intervene.

104.　　Defendant Officers failed to protect Plaintiff from a danger they proactively created and aggravated.

105.　　Defendant Officers unjustifiably drawing their weapon towards Plaintiff placed the Plaintiff in a substantial risk of harm.

106.　　Defendant Officers aggressively and unreasonably fired their weapons upon Plaintiff. Their actions were unnecessary and excessive considering the circumstances surrounding the incident.

107.　　Defendant Officers shooting Plaintiff caused physical harm to Plaintiff's person.

108.　　Defendant Officers' actions and inactions were egregious and arbitrary.

109.　　Defendant Officers each failed to prevent one another from causing or placing Plaintiff in direct and an unreasonable risk of harm, further violating her federal civil liberties.

110. Defendant Officers each had reason to know that a constitutional violation had been committed by the other, and Defendant Officers had a realistic opportunity to intervene to prevent the risk of harm from occurring.

111. Defendant Officers also shared a law enforcement association where each respectively understood the policies and procedures in detaining and/or arresting a suspect and that such policies and procedures that would immediately violate an individual's constitutional rights if not complied with.

112. As a direct and proximate cause of Defendant Officers' actions and inactions, Plaintiff suffered federal civil liberty violations, public humiliation, physical injury, medical expenses, lost wages, and mental and emotional distress.

## C. PLAINTIFF LATOYA RANSON

### 7. EXCESSIVE AND UNREASONSABLE DESTRUCTION OF PROPERTY

113. Plaintiff realleges paragraphs 1 through 112 of this Complaint and incorporate them herein by reference.

114. Plaintiff brings this claim against Defendants, individually as well as in their official capacity, pursuant to 42 U.S.C. § 1983 and for punitive damages.

115. At all material times, Defendant Officers were acting under color of state law as agents and employees of Defendant County and Defendant City. Defendant Officers wore their official CCSO and CPD uniform and were acting within the course and scope of their duties as Coahoma County Sheriff's Deputies and Clarksdale Police Officers at all times relevant to this cause of action.

116. Plaintiff asserts Defendant Officers violated her federal constitutional guarantees of the Fourth Amendment, incorporated to the states by the Fourteenth Amendment, to be free

from excessive and unreasonable destruction of property.

117.    The general touchstone of reasonableness which governs Fourth Amendment analysis, governs the method of execution of the warrant. See *U.S. v. Ramirez*, 523 U.S. 65 (1998).

118.    Excessive and unnecessary destruction of property in the course of a search may violate the violate the Fourth Amendment. See *U.S. v. Ramirez*, 523 U.S. 65 (1998). The facts and circumstances of this case show that Defendant Officers' act of damaging and destroying Plaintiff was excessive and unreasonable.

119.    Upon arriving at the residence, Defendant Officers never knocked nor announced themselves, and never gave an opportunity to comply with any order.

120.    At the time of the incident, Defendant Officers had no reason to believe either Plaintiff was armed or dangerous.

121.    Neither Plaintiff made any violent movements towards Defendant Officers or any other person that could be interpreted as threatening towards Defendant Officers or any other person.

122.    Neither Plaintiff made any verbal threats to Defendant Officers or any other person.

123.    Plaintiffs did not commit a criminal act in Defendant Officers' presence warranting arrest.

124.    Despite those circumstances, Defendant Officers entered the residence with excessive and unreasonable force.

125.    Defendant Officers indiscriminately fired their duty weapons inside the residence without warning or probable cause and without provocation.

126.    Defendant Officers unreasonably shot several rounds into the residential structure,

causing severe damage to the Plaintiff's property.

127.    Plaintiff also suffered from embarrassment and humiliation due to Defendant Officers' excessive force.

128.    Defendant Officers' actions were unreasonable and unwarranted under the circumstances when comparing or balancing the amount of force used against the need for the force under the current circumstances.

129.    Therefore, by using subjectively and objectively unreasonable force while acting under color of state law, Defendant Officers violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

130.    As a direct and proximate cause of Defendant Officers' excessive force, Plaintiff suffered federal civil liberty violations, public humiliation, property damage, and mental and emotional distress.

**8.   Failure to Intervene – Defendants Williams,  Cohen, Earl, Bilbro and John and Janes Does 1-10, Respectively**

131.    Plaintiff realleges paragraphs 1 through 130 of this Complaint and incorporates them herein by reference.

132.    Plaintiff brings this claim against Defendants in their official capacity, pursuant to 42 U.S.C. § 1983 and for punitive damages.

133.    At all material times, Defendant Officers were acting under color of state law as agents and employees of Defendant County and Defendant City.  Defendant Officers wore their official CCSO and CPD uniform and were acting within the course and scope of their duties as Coahoma County Sheriff's Deputies and Clarksdale Police Officers at all times relevant to this cause of action.

134.     Plaintiff asserts Defendant Officers violated her federal constitutional guarantees of the Fourth Amendment, incorporated to the states by the Fourteenth Amendment, and her Substantive Due Process rights by failing to intervene as companion Officers.

135.     Officers have a duty to protect individuals from constitutional violations by fellow Officers. Therefore, an Officer who witnesses a fellow Officer violating an individual's constitutional rights is liable to the victim for failing to intervene.

136.     Defendant Officers failed to protect Plaintiff from a danger they proactively created and aggravated.

137.     Defendant Officers unjustifiably breaching the door by excessive and unreasonable force placed Plaintiff's property in harm of being unreasonably damage and destroyed.

138.     Defendant Officers aggressively and unreasonably fired their weapons upon Plaintiff's property. Their actions were unnecessary and excessive considering the circumstances surrounding the incident.

139.     Defendant Officers shooting Plaintiff's property caused severe damage to Plaintiff's property.

140.     Defendant Officers' actions and inactions were egregious and arbitrary.

141.     Defendant Officers each failed to prevent one another from causing or placing Plaintiff's property in direct and an unreasonable risk of harm, further violating her federal civil liberties.

142.     Defendant Officers each had reason to know that a constitutional violation had been committed by the other, and Defendant Officers had a realistic opportunity to intervene to prevent the risk of harm from occurring.

143.     Defendant Officers also shared a law enforcement association where each

respectively understood the policies and procedures in detaining and/or arresting a suspect and that such policies and procedures that would immediately violate an individual's constitutional rights if not complied with.

144.    As a direct and proximate cause of Defendant Officers' actions and inactions, Plaintiff suffered federal civil liberty violations, public humiliation, property damage, and mental and emotional distress.

## II.    PLAINTIFFS' CLAIM TWO: 42 U.S.C. § 1983 — MUNICIPAL LIABILITY

145.    Plaintiffs reallege paragraphs 1 through 144 of this Complaint and incorporate them herein by reference.

146.    Plaintiffs assert that their constitutional rights were violated when Defendant Officers falsely arrested Plaintiffs, used excessive force to execute said arrest, and each Officer respectively failed to intervene as he witnessed his fellow Officer violate Plaintiffs' constitutional rights.

147.    Defendant County is also liable under 42 U.S.C. § 1983 for failing to supervise and train its deputies. In addition, the County's failure to supervise and train its deputies, and the County's willful blindness towards the constitutional violations of its employees, constitute gross negligence and/or deliberate and conscious indifference to citizens' rights, including the right to be free from constitutional violations under 42 U.S.C. § 1983 and 1988.

148.    Defendant City is also liable under 42 U.S.C. § 1983 for failing to supervise and train its deputies. In addition, the County's failure to supervise and train its deputies, and the County's willful blindness towards the constitutional violations of its employees, constitute gross negligence and/or deliberate and conscious indifference to citizens' rights, including the right to be free from constitutional violations under 42 U.S.C. § 1983 and 1988.

149.     Additionally, municipalities may be held liable under 42 U.S.C. § 1983 for constitutional torts that are committed pursuant to a policy, procedure, practice, or custom of the municipality. Even if the County's and the City's practice of overlooking constitutional torts was not authorized by an officially adopted policy, the practice may be so common and well-settled that it fairly represents official policy. *See Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404 (1997).

150.     In the present case, the County's formal and informal actions reflect a policy, practice, custom and procedure authorizing and allowing constitutional rights violations. Consequently, the County is liable for harm caused to Plaintiffs as a result of its policies, practices customs and procedures.

151.     In the present case, the City's formal and informal actions reflect a policy, practice, custom and procedure authorizing and allowing constitutional rights violations. Consequently, the City is liable for harm caused to Plaintiffs as a result of its policies, practices customs and procedures.

152.     Defendant County and Defendant City are liable for the constitutional torts of Defendant Officers because the County and City sanctioned the following customs, practices, and policies:

    (A)     Using unreasonable and excessive force to carry out detentions and/or arrests;

    (B)     Arbitrarily using arrests when they are not necessary or permitted by law;

    (C)     Ignoring the serious need for training and supervision of its Officers regarding its policies and procedures when conducting detentions and/or arrests;

    (D)     Failing to adequately supervise and/or observe its Officers;

(E)     Failing to adequately train Officers regarding the availability of alternative means other than the use of arrests, force, or excessive force without probable cause;

(F)     Failing to discharge Officers who have shown a pattern or practice of falsely arresting citizens;

(G)     Failing to exclude Officers who have shown a pattern or practice of misbehavior and using excessive force from taking part in the execution of warrants.

(H)     Failing to adequately screen Officers who have shown a pattern or practice of using excessive force before hiring said officer;

(I)     Failing to inform future employer of Officers who have shown a pattern or practice of using excessive force when future employer has inquired; and

(J)     Failing to discharge Officers who have shown a pattern or practice of using excessive force; and

(K)     Adopting a practice whereby Officers who are unfit for peace Officer duties, as shown by prior actions in the line of duty, are allowed to retain their positions.

153.    At the time Defendant Officers arrested Plaintiffs, they were acting pursuant to an official County and City policy, practice, custom and procedure overlooking and/or authorizing police Deputy's excessive use of force and unlawful arrests. *See Monell v. New York County Dept. of Social Servs.*, 436 U.S. 658, 659 (1978).

154.    Thus, Defendant County's and Defendant City's failure to supervise and train its officers, and its willful blindness towards the constitutional violations of its employees was a direct cause of Plaintiffs' injuries.

**1.      <u>Failure to Train a Single Police Officer.</u>**

155.    Plaintiff realleges paragraphs 1 through 154 of this Complaint and incorporates them herein by reference.

156.     A County and a City may be held liable for its failure to train a single officer when the policymakers know about the pattern of unconstitutional misconduct and the Deputy's acts were so egregious that the County should have had clear warning that the particular Deputy posed a danger to citizens. *See Pineda v. County of Houston*, 124 F. Supp. 2d 1057, 1068 (S.D. Tex. 2000).

157.     With respect to Defendant Officers, the need for additional or different training was necessary considering the circumstance of this incident. Defendant County and Defendant City knew that Defendant Officers were likely to engage in other acts of wrongful conduct, yet Defendant County and Defendant City continuously failed to discipline, supervise, or train Defendant Officers.

158.     Defendant County's and Defendant City's acts and omissions, when viewed objectively, involved an extreme degree of risk considering the probability and magnitude of harm to citizens. Defendant County and Defendant City had actual, subjective awareness of the risks involved, but nevertheless preceded with deliberate indifference to the rights, safety, or welfare of others, including Plaintiff.

159.     Thus, considering the substantial risks posed by Defendant Officers, Defendant County's and Defendant City's failure to train them constitutes gross negligence and/or deliberate and conscious indifference to the rights, safety, and welfare of others, including Plaintiffs.

## VI. DAMAGES

160.     Plaintiff realleges paragraphs 1 through 159 of this Complaint and incorporates them herein by reference.

161.     In addition to the damages mentioned in the preceding paragraphs as a direct and proximate result of the intentional and unlawful conduct of Defendants, Plaintiffs have suffered,

and in reasonable probability, will continue to suffer damages.

162.     In addition, Defendant Officers are liable for damages as a result of the destruction to Plaintiff L. Ranson's property.

163.     Defendant Officers are liable for compensatory and exemplary damages arising from their negligence and gross negligence.

## VII. ATTORNEY'S FEES

164.     Plaintiffs reallege paragraphs 1 through 163 of this Complaint and incorporate them herein by reference.

165.     Plaintiffs are entitled to recover attorney's fees and costs as required by the Civil Rights Attorney's Fees Award Act of 1976. 49 U.S.C. § 1988. Plaintiff hereby requests that the Court and jury award his attorney's fees and expenses.

## VIII. JURY DEMAND

166.     Plaintiffs respectfully demand a jury trial pursuant to FED. R. CIV. P. 8(b). Plaintiffs further respectfully demand a bench trial for claims under the Mississippi Tort Claims Act.

## IX. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that Defendants be cited to appear and answer herein, and that Plaintiffs have judgment against Defendants, jointly and/or severally, for actual damages above the jurisdictional minimum of the Court; exemplary damages; pre-judgment interest; post-judgment interest, court costs, attorney's fees and expenses, and all other relief to which Plaintiffs are justly entitled, at law or in equity. Plaintiffs pray for relief in the amount of $3,000,000.00.

Respectfully submitted this the 17th day of September, 2020.

ATTORNEYS FOR PLAINTIFFS

**/s/ John Keith Perry, Jr.**

John Keith Perry, Jr. (MSB No.: 99909)
Garret T. Estes (MSB No.:105517)
**PERRYGRIFFIN, P.C.**
5699 Getwell Road, Bldg. G, Suite 5
Southaven, MS 38672
Tele:   (662) 536-6868
Fax:    (662) 536-6869
Email: JKP@PerryGriffin.com
          GE@PerryGriffin.com