**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**LATOYA RANSON, TREKEVIOUS HAYES,**
**and ARNIQUA RANSON**                                                     **PLAINTIFFS**

**v.**                                              **CIVIL ACTION NO. 4:20-CV-165-MPM-DAS**

**CITY OF CLARKSDALE; et al.**                                             **DEFENDANTS**

**DEFENDANTS' MOTION TO STAY**

**NOW COME** Defendants, Coahoma County Mississippi, Coahoma County Sheriff's Office, Master Sergeant Marcus Cohen, Deputy Eddie Earl, and Deputy Eric Bilbro, in their official and individual capacities, by and through counsel, and respectfully request this Court to enter an order staying all proceedings in this case until the related criminal proceedings are resolved, as follows:

1.      Plaintiffs, Latoya Ranson, Treevious Hayes, and Arniqua Ranson ("Plaintiffs") filed this action on September 17, 2020 **[Doc. No. 1.]**.

2.      Plaintiffs' lawsuit centers on a warrant which was served on their residence at 449 Florida Ave. in Clarksdale, Mississippi, on January 27, 2020.  **[Doc. 1, ¶ 16-17.]**

3.      Plaintiffs allege that they were falsely arrested, subjected to excessive force, and that the individual officers failed to intervene when others violated their constitutional rights. *Id*. at ¶32. The Complaint asserts claims under 42 U.S.C. § 1983. *Id*. at ¶31.

4.      During this same event, Mr. Hayes fired on officers, and large amounts of drugs and scales were found. *See* Ex. A, Justice Court File and Ex. B Hayes' depo.

5.      Mr. Hayes was initially held on an $800,000.00 bond for his four separate counts of aggravated assault on an officer. *See* Ex. A, Justice Court File.

1

6. His bond has now been reduced to $400,000.00, and he has been bound over to grand jury. *Id.*

7. Given the unresolved criminal charges, a stay of all proceedings in this civil case is appropriate. The United States Supreme Court has explained that "it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). Further, the Fifth Circuit also explained "that, following *Heck v. Humphry*, 512 U.S. 477 (1994), district courts should stay § 1983 cases that may implicate the validity of the pending criminal proceedings until those underlying proceedings have run their course." *Gates v. Strain*, 885 F.3d 874, 883 (5th Cir. 2018) (citing *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995)) ("The court may—indeed should—stay proceedings in the section 1983 case until the pending criminal case has run its course, as until that time it may be difficult to determine the relation, if any, between the two.")).

8. Mississippi's district courts consistently follow this "common practice[,]" usually directing the Clerk of Court "to mark th[e] action closed for statistical purposes during the pendency of the stay." *See, e.g., Willis v. City of Hattiesburg*, 2015 WL 13651763, *6 (S.D. Miss. 2015). District courts in this Circuit have long stayed civil rights actions until related criminal charges are resolved. *See e.g., Logan v. Yalobusha County, Mississippi, et al; 3:20-cv-50-NBB-RP,* Doc. No. 46, (*N.D. Miss. May 18, 2020) ; Pellerin v. Neustrom*, 2011 WL 6749019 (W.D. La. 2011); *Quinn v. Guerrero*, 2010 WL 412901 (E.D. Tex. 2010); *Fox v. Campbell*, 2009 WL 10786809 (E.D. Tex. 2009); *Holt v. Jefferson Parish Sheriff's Office*, 2007 WL 4114357 (E.D. La. 2007); *Profit v. Ouachita Parish*, 2010 WL 1643800 (W.D. La. 2010); *Brown v. Hill*, 2010 WL 1734721 (W.D. La.

2

2010); *Hughes v. Gueydan Police Dept.*, (W.D. La. 2010).

9.      The rationale for a stay during the pendency of the criminal proceedings centers on the protection of all parties as well as the judicial process more generally. With respect to the Defendants, the criminal proceedings must take precedent because, if Mr. Hayes is convicted, some or all of the Plaintiffs' claims in this case will be barred. *See Heck v. Humphrey*, 512 U.S. 477 (1994) (holding that a plaintiff may not use a § 1983 case to collaterally attack a criminal conviction). Here, Mr. Hayes has alleged a claim of false arrest against the Defendants. *See* **[Doc. 1, ¶32]**. Obviously, this would be impacted by the criminal proceedings.

10.      Discovery is still ongoing in this matter. During Plaintiff's deposition, he invoked his Fifth Amendment right as to questions about his firing on the officers and the drugs found. *See* Ex. B *generally*. With respect to him, it is well established that the right against self-incrimination "not only protects the individual against being involuntarily called as a witness against himself in a criminal prosecution but also privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings." *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973). Should Mr. Hayes continue to do so in the ongoing discovery, Defendants will be prejudiced. Should this matter proceed to trial prior to his criminal charges being resolved, Mr. Hayes may still invoke this right. If he does, Defendants would be unduly prejudiced in defending this lawsuit. With respect to general notions of federalism and comity, it has long been held that federal courts should not interfere with ongoing criminal proceedings in state court. *See Younger v. Harris*, 401 U.S. 37 (1971). Each of these rationales apply with force to this case.

11.      Given the nature of this Motion, Defendants request that any requirement of a

separate memorandum pursuant to Local Rule 7(b) in support be waived.

**WHEREFORE, PREMISES CONSIDERED**, Defendants request that the Court enter a stay of all proceedings in this case until Plaintiff's criminal charges are resolved.

**RESPECTFULLY SUBMITTED** this the 4th day of November, 2021.

**JACKS GRIFFITH LUCIANO, P.A.**

By: /s/ *Bethany A. Tarpley*
    Daniel J. Griffith, MS Bar No. 8366
    Bethany A. Tarpley, MS Bar No. 104134
    Attorneys for Defendants

Of Counsel:

**JACKS GRIFFITH LUCIANO, P.A.**
150 North Sharpe Avenue
P. O. Box 1209
Cleveland, MS 38732
Telephone: 662-843-6171
Facsimile: 662-843-6176
Email: dgriffith@jlpalaw.com
     btarpley@jlpalaw.com

<u>**CERTIFICATE OF SERVICE**</u>

I, Bethany A. Tarpley, attorney of record for Defendants do hereby certify that I have this day caused a true and correct copy of the above and foregoing *Defendants' Motion to Stay* to be delivered by ECF Filing System which gave notice to the following counsel of record who have entered an appearance herein:

    Garrett Tyjuan Estes, Esq.
    John Keith Perry, Jr., Esq.
    Perry Griffin, PC
    Email: ge@perrygriffin.com
        jkp@perrygriffin.com
    **Attorneys for Plaintiffs**

**DATED** this 4th day of November, 2021.

/s/ *Bethany A. Tarpley*
Bethany A. Tarpley

4