IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

LATOYA RANSON, TREKEVIOUS HAYES,
and ARNIQUA RANSON                                                                                   PLAINTIFFS

v.                                                                    CIVIL ACTION NO. 4:20-CV-165-MPM-DAS

CITY OF CLARKSDALE; et al.                                                                          DEFENDANTS

## ORDER

Defendants have moved to stay the instant § 1983 action pending the completion of the underlying criminal proceedings which have been filed against plaintiffs. In support of their motion, defendants cite a very extensive amount of authority supporting a stay,[1] and, while plaintiffs do oppose the motion, they have failed to either distinguish the authority cited by defendants nor provide their own authority supporting a denial of the motion to stay.

Having reviewed the parties' submissions, this court agrees with defendants that the outcome of the state court criminal proceeding could impact, i.e., warrant dismissal of, plaintiff's false arrest claim. The Fifth Circuit has explained "that, following *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), district courts should stay § 1983 cases that may implicate the validity of the pending criminal proceedings until those underlying proceedings have run their course." *Gates v. Strain*, 885 F.3d 874, 883 (5th Cir. 2018) (*citing Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995))("The court may—indeed should—stay proceedings in the section

---

[1] *See, e.g., Logan v. Yalobusha County, Mississippi, et al; 3:20-cv-50-NBB-RP,* Doc. No. 46, *(*N.D. Miss. May 18, 2020*)*; *Pellerin v. Neustrom*, 2011 WL 6749019 (W.D. La. 2011); *Quinn v. Guerrero*, 2010 WL 412901 (E.D. Tex. 2010); *Fox v. Campbell*, 2009 WL 10786809 (E.D. Tex. 2009); *Holt v. Jefferson Parish Sheriff's Office*, 2007 WL 4114357 (E.D. La. 2007); *Profit v. Ouachita Parish*, 2010 WL 1643800 (W.D. La. 2010);

1

1983 case until the pending criminal case has run its course, as until that time it may be difficult to determine the relation, if any, between the two.")).

In light of the foregoing, this court concludes that binding precedent in this context clearly supports a stay, and defendants' motion to stay this action is therefore **GRANTED**.

This, the 15th day of November, 2021.

/s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**