IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**LATOYA RANSON, TREKEVIOUS HAYES,**
and **ARNIQUA RANSON**                                                                              **PLAINTIFFS**

v.                                                                  CIVIL ACTION NO. 4:20-CV-165-MPM-DAS

**CITY OF CLARKSDALE; et al.**                                                                     **DEFENDANTS**

**ORDER**

On November 15, 2021, this court entered an order staying this case pending the resolution of underlying criminal proceedings. This court so ruled on the basis of Fifth Circuit precedent explaining "that, following *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), district courts should stay § 1983 cases that may implicate the validity of the pending criminal proceedings until those underlying proceedings have run their course." *Gates v. Strain*, 885 F.3d 874, 883 (5th Cir. 2018) (*citing Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995))("The court may—indeed should—stay proceedings in the section 1983 case until the pending criminal case has run its course, as until that time it may be difficult to determine the relation, if any, between the two.")). Unfortunately, the criminal proceedings in state court have proceeded very slowly, so much so that plaintiffs have sought the lifting of the stay notwithstanding the pendency of the underlying criminal charges. In so moving, however, plaintiffs cite no authority which would support such an action by this court, and the Fifth Circuit precedent, quoted above, includes no time limitations within its guidance.

In light of the foregoing, this court concludes that the stay of this action should continue, but since this case now qualifies as a dormant one, it concludes that it should be administratively closed, per its usual practice and Fifth Circuit precedent. The effect of an administrative closure

1

is no different from a simple stay, except that it affects the count of active cases pending on the court's docket; *i.e.,* administratively closed cases are not counted as active. *See Lehman v. Revolution Portfolio LLC,* 166 F.3d 389, 392 (1st Cir.1999) ("This method is used in various districts throughout the nation in order to shelve pending, but dormant, cases."); *Mire v. Full Spectrum Lending Inc .,* 389 F.3d 163, 167 (5th Cir.2004).

It is therefore ordered that this case is administratively closed until such time as the stay in this matter is lifted. The parties are directed to provide updates regarding this status of this case no less than every six months, or more frequently if events in state court so dictate.

This, the 10th day of July, 2023.

    /s/Michael P. Mills
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**